```
 1 │ BAKER, MANOCK & JENSEN
   │ A Professional Corporation
 2 │ Robert D. Wilkinson  #100478
   │ Fig Garden Financial Center
 3 │ 5260 North Palm Avenue, Fourth Floor
   │ Fresno, California 93704-2209
 4 │ (559) 432-5400
   │ (559) 432-5620 (facsimile)
 5 │
   │ WILMER CUTLER PICKERING
 6 │   HALE AND DORR LLP
   │ Randolph D. Moss (admitted pro hac vice)
 7 │ Brian M. Boynton    #222193
   │ 1875 Pennsylvania Avenue, N.W.
 8 │ Washington, D.C. 20006
   │ (202) 663-6000
 9 │ (202) 663-6363 (facsimile)
10 │ Attorneys for Plaintiff THE CALIFORNIA
   │ TABLE GRAPE COMMISSION
11 │
12 │ HENNIGAN BENNETT AND DORMAN LLP
   │ Lawrence M. Hadley  # 157728
13 │ 865 S. Figueroa Street, Suite 2900
   │ Los Angeles, CA 90017
14 │ (213) 694-1200
   │ (213) 694-1234 (facsimile)
15 │
   │ THE LAW OFFICES OF RALPH B. WEGIS
16 │ Ralph B. Wegis      # 67966
   │ Michael J. Stump    # 193542
17 │ 1930 Truxtun Avenue
   │ Bakersfield, CA 93301
18 │ (661) 635-2100
   │ (661) 635-2107 (facsimile)
19 │
   │ Attorneys for Defendants RB SANDRINI, INC.,
20 │ RB SANDRINI FARMS, L.P., and RICHARD B. SANDRINI
```

FILED
NOV 9 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CALIFORNIA TABLE GRAPE COMMISSION, | CASE NO. 1:06-cv-00842-OWW-TAG |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY** |
| v. | |
| RB SANDRINI, INC. ET AL. | |
| Defendants. | |

1

1  IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff the California
2  Table Grape Commission, and Defendants RB Sandrini, Inc., RB Sandrini Farms, L.P., and Richard
3  B. Sandrini, that the Court enter the following Stipulated Protective Order Regarding Confidential
4  Discovery.

6  **1.  Scope.** This Protective Order shall govern all documents, information, and other
7  materials produced in response to discovery requests and any deposition transcripts or their
8  equivalent in these cases ("Discovery Materials").

10  **2.  Designating Confidential Material.** During the course of litigation, any party to this
11  action may seek to have Discovery Materials they are producing classified as "Confidential." Any
12  party may designate as Confidential any Discovery Material it determines in good faith contains
13  confidential commercial, financial, proprietary, or personal information. To designate a document to
14  be produced as Confidential, the designating party shall mark each page of a paper document that
15  contains Confidential information, or label other media containing such information, with the words
16  "Confidential—Produced Under Protective Order" prior to the production to the other party. To
17  designate deposition testimony as Confidential, the designating party shall make an oral statement to
18  that effect during the deposition specifying the particular portion of the deposition that is
19  confidential. The reporter shall stamp or mark the relevant portion of the transcript as Confidential.
20  Any document or deposition transcript (or portions thereof) so designated, copies thereof, and
21  information contained therein shall be "Confidential Materials" and subject to the restrictions set
22  forth herein.

24  **3.  Restrictions on Use and Disclosure of Confidential Materials.** Confidential
25  Materials may be used or disseminated by the party receiving them only for purposes of prosecuting
26  and defending these actions, including appeals, and not for any other litigation or any business
27  purpose. All persons who have access to Confidential Materials shall take reasonable steps to ensure
28

2

that they are not disclosed except as permitted pursuant to this Order. Confidential Materials may not be disclosed by the party receiving them, directly or indirectly, to any person, entity, or tribunal other than:

    (a)    The Court, Court personnel, or a jury in this action;

    (b)    The law firms representing the parties, including their partners, counsel, associates, employees, and staff;

    (c)    Defendant Richard B. Sandrini;

    (d)    The Commission's officers and employees (but not including the California Table Grape Commission commissioners);

    (e)    Experts and consultants retained in connection with these actions (but not including any California table grape grower or shipper even if serving as an expert or consultant);

    (f)    Stenographic reporters;

    (g)    Outside vendors who perform photocopying, data entry, or similar clerical functions; and

    (h)    Others, if the parties so agree in writing or orally on the record.

    **4.**    **Agreement To Comply with Order.** Confidential Materials may be disclosed to persons listed in paragraphs 3 (c) - (e) above only upon compliance with the following requirements:

    (a)    Each person shall first be advised by the attorney disclosing the Confidential Materials that the person may not disclose the materials to any other person not entitled to obtain Confidential Materials under this Order; and

    (b)    The attorney shall obtain from each person a signed statement in the form of Exhibit A to this Order that provides that the person has read this Protective Order, agrees to be bound by the Order, and understands that pursuant to the Order the person shall not disclose any Confidential Materials to any other person not entitled to obtain Confidential Materials under this Order. A copy

5. **Objections to Confidentiality Designations.** If at any time a party objects to a designation of Discovery Materials as Confidential under this Order, the objecting party may notify the designating party in writing. The notice shall identify the materials in question and shall specify in reasonable detail the reason or reasons for the objection. The parties agree to meet and confer promptly in good faith to resolve any disagreements regarding the propriety of any designation of Discovery Materials as Confidential. If the parties are unable to reach a mutual agreement after conferring, the designating party shall—within 30 days of receipt of the notice objecting to the designation—either withdraw the designation or apply to the Court for a ruling on the Confidential status of the Discovery Materials at issue. If the designating party applies to the Court for such a ruling, the Confidential status of the Discovery Materials shall be maintained until the Court has rendered a final ruling on the application. If the designating party does not apply to the Court for such a ruling within the 30-day period, the designation in dispute shall be deemed withdrawn.

6. **Filing.** In the event that any Confidential Materials are contained in any Court filing, the filing party shall seek to make the filing under seal. To the extent possible, a copy of the filing made under seal shall be filed publicly with the Confidential Materials redacted.

7. **Termination of Action.** The termination of proceedings in these actions shall not relieve any person possessing Confidential Materials from the obligations imposed by this Order unless the Court orders or permits otherwise. *within thirty days following the final resolution of this case, each party shall return to the producing party any Confidential Materials and shall destroy any remaining copies of such materials that were produced during the course of this litigation.*

8. **Modification or Other Court Order.** Nothing in this Protective Order precludes any party from seeking from the Court and obtaining, on an appropriate showing, a modification of this Order, protection for particular Discovery Materials that is different from or in addition to the

4

STIPULATED PROTECTIVE ORDER

1  protection provided pursuant to this Order, or permission to disclose Confidential Materials other
2  than as permitted under this Order.

**ACCEPTED AND AGREED**

Dated: November 2, 2006

WILMER CUTLER PICKERING
HALE AND DORR LLP

/s/ Brian M. Boynton
_____
Brian M. Boynton

Attorneys for Plaintiff THE CALIFORNIA
TABLE GRAPE COMMISSION

HENNIGAN BENNETT AND DORMAN LLP

/s/ Lawrence M. Hadley (as authorized 11-01-06)
_____
Lawrence M. Hadley

Attorneys for Defendants RB Sandrini, Inc., RB
Sandrini Farms, L.P., and Richard B. Sandrini

**IT IS SO ORDERED**

DATED: 11-9, 2006.

_____
Oliver W. Wanger
District Court Judge