BAKER, MANOCK & JENSEN
A Professional Corporation
Robert D. Wilkinson #100478
Fig Garden Financial Center
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704-2209
(559) 432-5400
(559) 432-5620 (facsimile)

WILMER CUTLER PICKERING
HALE AND DORR LLP
James L. Quarles III (admitted *pro hac vice*)
Randolph D. Moss (admitted *pro hac vice*)
Brian M. Boynton #222193
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000
(202) 663-6363 (facsimile)

Attorneys for Plaintiff THE CALIFORNIA TABLE GRAPE COMMISSION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA TABLE GRAPE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RB SANDRINI, INC., RB SANDRINI FARMS, L.P. d/b/a/ RB SANDRINI FARMS, and RICHARD B. SANDRINI,<br><br>Defendants. | CASE NO. 1:06-cv-00842-OWW-TAG<br><br>**CALIFORNIA TABLE GRAPE COMMISSION'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>**DATE: 04/30/2007**<br>**TIME: 10:00 am**<br>**NAME: HON. OLIVER W. WANGER** |

RB Sandrini, Inc., RB Sandrini Farms, L.P., and Richard Sandrini (collectively "Sandrini") have raised evidentiary objections to testimony contained in the declarations of Kathleen Nave, Glen Stoller, and Ross Jones, which were filed by the California Table Grape Commission ("Commission") in support of its motion for summary judgment. As explained below, Sandrini's objections should be disregarded.

A judge of this Court has recently admonished lawyers that "[t]he court cannot stress enough that it does not behoove anyone to make objections simply for the sake of making objections." *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 n.10 (E.D. Cal. 2006); *see also Kuba v. Marine World Joint Powers Auth.*, No. CIV. S-05-0794 WBS JFM, 2006 WL 3041234, at *3 n.2 (E.D. Cal. Oct. 24, 2006). The Court has observed that "attorneys routinely raise every objection imaginable without regard to whether the objections are necessary, or even useful, given the nature of summary judgment motions in general, and the facts of their cases in particular." *Burch*, 433 F. Supp. 2d at 1119. On summary judgment, "instead of challenging the admissibility of the evidence, lawyers should challenge its sufficiency." *Id.*

Thus, rather than separately address the numerous objections Sandrini has raised to 31 different portions of testimony, most of which contained multiple assertions, we have responded to the broad categories of objections made by Mr. Sandrini. Much of the testimony to which Sandrini objects simply provides background information that is not central to the pending motions, and we do not believe that sustaining any objection made by Mr. Sandrini would alter the analysis of the issues on summary judgment. Nonetheless, we provide a general response to Sandrini's objections, and would be pleased to separately address at oral argument or in briefing any specific objection.

| **Para.**[1/] | **Commission Response** |
|---|---|
| 1 | (a) Kathleen Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is therefore qualified to provide testimony regarding the policies and practices of the Commission. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692-693 (Fed. Cir. 2001) (lay opinion testimony regarding industry from persons experienced in the industry permitted); *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) ("[R]ule 701 does not preclude |

[1/] The numbers in this column correspond to the paragraphs in Defendants' Evidentiary Objection.

| | |
|---|---|
| | testimony by business owners or officers on matters that relate to their business affairs. Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert."); *Allied Sys., Ltd. v. Teamsters, Local 604*, 304 F.3d 785, 792 (8th Cir. 2002) ("[P]erceptions based on industry experience is a sufficient foundation for lay opinion testimony." (quotation omitted)). For this reason, Sandrini's speculation, personal knowledge, and lay opinion objections are unfounded.<br>(b) Sandrini contends that Ms. Nave's testimony is "demonstrably false," but that contention is both factually wrong and, in any event, not an evidentiary objection. Indeed, the sole basis on which Sandrini disputes Ms. Nave's observation that "the *Commission* would never favor one grower at the expense of other[s],"(emphasis added) is that the *USDA* purportedly did so in the past. |
| 2 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 3 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the Commission's patenting and licensing program and the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at |

| | |
|---|---|
| | 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 4 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is therefore qualified to provide background testimony regarding the operation of the Commission's patenting and licensing program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 5 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. The particular assertions challenged are matters of common knowledge within the industry, and Ms. Nave sets forth no out-of-court statement. If necessary, the Commission will submit the business records setting forth the statistics set forth in the challenged testimony. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's hearsay, foundation, and personal knowledge objections therefore should be rejected. |
| 6 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. The presence of Chilean grapes in the market is a readily observable fact, and the obvious effect those grapes have on demand for California table grapes is a |

| | |
|---|---|
| | permissible inference. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected. |
| 7 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry and the competitors it faces based upon her personal knowledge gained over multiple years as a participant in the industry. The particular assertions challenged are matters of common knowledge within the industry, and Ms. Nave sets forth no out-of-court statement. If necessary, the Commission will submit the business records setting forth the statistics set forth in the challenged testimony. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693. Sandrini's speculation, foundation, personal knowledge, law opinion, and hearsay objections therefore should be rejected.<br>(b) Sandrini's commentary regarding enforcement of the Red Globe patent, which has not been licensed to the Commission, *see* Nave Decl. ¶¶ 12, 14, & 15, is irrelevant to his evidentiary objections and illogical. |
| 8 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the Commission's patenting and licensing program and the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |

| | |
|---|---|
| 9 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry and the effect on the industry of a premature release based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 10 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is therefore qualified to provide testimony regarding the operation of the Commission's patenting and licensing program, including the role of nurseries. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected.<br>(b) In any event, the challenged testimony relates principally to the proper remedy in this case, an issue that need not be resolved at this time. The Commission anticipates offering the testimony of a nursery owner at the remedy stage. |
| 11 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry, including the industry's response to growers who circumvent the Commission's patenting and licensing program, based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |

| | |
|---|---|
| | (b) In any event, the challenged testimony relates principally to the proper remedy in this case, an issue that need not be resolved at this time. The Commission anticipates offering the testimony of California table grape growers at the remedy stage. |
| 12 | Ms. Nave's testimony directly tracks the language of the affidavit Mr. Sandrini signed. Sandrini's objection that Ms. Nave has mischaracterized the affidavit is simply wrong. Sandrini's best evidence objection is futile since the document in question is attached to Ms. Nave's declaration. |
| 13 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry, including the industry's response to growers who circumvent the Commission's patenting and licensing program, based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, and lay opinion objections therefore should be rejected.<br>(b) In any event, the challenged testimony relates principally to the proper remedy in this case, an issue that need not be resolved at this time. The Commission anticipates offering the testimony of California table grape growers at the remedy stage. |
| 14 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the Commission's patenting and licensing program and the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal |

| | |
|---|---|
| | knowledge, and lay opinion objections therefore should be rejected. |
| 15 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is therefore qualified to provide testimony regarding the operation of the Commission's patenting and licensing program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 16 | Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the Commission's patenting and licensing program and the California table grape industry based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, personal knowledge, and lay opinion objections therefore should be rejected. |
| 17 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is therefore qualified to provide testimony regarding the policies and practices of the Commission. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, and lay opinion objections therefore should be rejected.<br>(b) Sandrini contends that Ms. Nave's testimony is "demonstrably false," but that contention is both factually wrong and, in any event, not an evidentiary objection. Indeed, the sole grounds on which Sandrini disputes Ms. Nave's observation that "the |

| | |
|---|---|
| | *Commission* would never favor one *grower* at the expense of other[s],"(emphasis added) is that the *USDA* purportedly did so in the past and that the Commission supposedly gives certain *nurseries* a head start. |
| 18 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry, including the industry's response to growers who circumvent the Commission's patenting and licensing program, based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected.<br>(b) In any event, the challenged testimony relates principally to the proper remedy in this case, an issue that need not be resolved at this time. The Commission anticipates offering the testimony of California table grape growers at the remedy stage. |
| 19 | (a) Ms. Nave has been the President of the Commission since 1999 and has been employed by the Commission since 1987. Nave Decl. ¶¶ 1-2. She is simply providing background information concerning the California table grape industry, including the industry's response to growers who circumvent the Commission's patenting and licensing program, based upon her personal knowledge gained over multiple years as a participant in the industry. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected.<br>(b) In any event, the challenged testimony relates principally to the proper remedy in this case, an issue that need not be resolved at this time. The Commission anticipates |

| | |
|---|---|
| | offering the testimony of California table grape growers at the remedy stage. |
| 20 | As the President of the Commission, Ms. Nave has personal knowledge of the reports Sandrini submitted to the Commission and her declaration provides the proper foundation. Sandrini offers no support for his assertion that the challenged testimony "mischaracterizes" the reports he submitted to the Commission, which are attached to Ms. Nave's declaration. Sandrini's factual argument, for which he provides no citation, should be in his brief or opposition to the Commission's Statement of Undisputed Facts, not his evidentiary objections. |
| 21 | Glen Stoller is the founder of Sunridge Nurseries, one of the nurseries that participates in the Commission's patenting and licensing program. Sunridge Nurseries has been an industry leader in quality grape nursery stock since the 1980s. Mr. Stoller founded Sunridge Nurseries in 1977 after years of experience in the grape nursery stock business. Stoller Decl. ¶¶ 3-5. In light of this experience, Mr. Stoller is qualified to testify regarding his nursery's participation in the Commission's patenting and licensing program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, and personal knowledge objections therefore should be rejected. |
| 22 | The Domestic Nursery License Agreement paraphrased by Mr. Stoller is attached as Exhibit 6 to the declaration of Kathleen Nave. For that reason, Sandrini's best evidence objection is futile. Sandrini's mischaracterization objection should also be rejected since paragraph 4.2 of the nursery license agreement requires nurseries to sell Autumn King plant material at prices that do not exceed prevailing market prices. |
| 23 | Mr. Stoller is the founder of Sunridge Nurseries, one of the nurseries that participate in the Commission's patenting and licensing program. Mr. Stoller founded Sunridge Nurseries in 1977 after years of experience in the grape nursery stock business. Stoller Decl. ¶¶ 3-5. In light of this experience, Mr. Stoller is qualified to testify |

| | |
|---|---|
| | regarding his nursery's participation in the Commission's patenting and licensing program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, and personal knowledge objections therefore should be rejected. |
| 24 | Mr. Stoller is the founder of Sunridge Nurseries, one of the nurseries that participates in the Commission's patenting and licensing program. Mr. Stoller founded Sunridge Nurseries in 1977 after years of experience in the grape nursery stock business. Stoller Decl. ¶¶ 3-5. In light of this experience, Mr. Stoller is qualified to testify regarding his nursery's participation in the Commission's patenting and licensing program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, and personal knowledge objections therefore should be rejected. |
| 25 | As the founder of a nursery participating in the Commission's patenting and licensing program, Mr. Stoller is qualified to testify regarding harm to his nursery and its willingness to participate in the program. Sandrini's argument regarding the weight to be given to Mr. Stoller's testimony is irrelevant to the evidentiary objections. |
| 26 | Mr. Stoller is the founder of Sunridge Nurseries, one of the nurseries that participates in the Commission's patenting and licensing program. Mr. Stoller founded Sunridge Nurseries in 1977 after years of experience in the grape nursery stock business. Stoller Decl. ¶¶ 3-5. In light of this experience, Mr. Stoller is qualified to testify regarding the advantage growers would obtain from obtaining a new variety before its release. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's |

| | |
|---|---|
| | speculation, foundation, and personal knowledge objections therefore should be rejected. |
| 27 | Mr. Stoller is the founder of Sunridge Nurseries, one of the nurseries that participates in the Commission's patenting and licensing program. Mr. Stoller founded Sunridge Nurseries in 1977 after years of experience in the grape nursery stock business. Stoller Decl. ¶¶ 3-5. In light of this experience, Mr. Stoller is qualified to testify regarding grower compliance with the rules of the program. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, foundation, and personal knowledge objections therefore should be rejected. |
| 28 | Ross Jones is the Commission's Vice President of Research and has been employed by the Commission since 1997. As the Vice President of Research, Mr. Jones oversees the Commission's patenting and licensing program and its support for table grape research. Prior to working for the Commission, Mr. Jones worked at an agricultural research facility as a laboratory/field technician. Jones Decl. ¶¶ 1-3. In light of this experience, Mr. Jones is qualified to testify regarding the advantage a grower would obtain from producing, harvesting, storing, transporting, and marketing Autumn King grapes before other growers. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693; *Texas A&M Research Found.*, 338 F.3d at 403; *Allied Sys.*, 304 F.3d at 792. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected. |
| 29 | Mr. Jones is the Commission's Vice President of Research and has been employed by the Commission since 1997. As the Vice President of Research, Mr. Jones oversees the Commission's patenting and licensing program and its support for table grape research. Prior to working for the Commission, Mr. Jones worked at an agricultural research facility as a laboratory/field technician. Jones Decl. ¶¶ 1-3. In light of this |

| | |
|---|---|
| | experience, Mr. Jones is qualified to testify regarding the advantage a grower would obtain from producing and storing Autumn King grapes before other growers. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected. |
| 30 | Mr. Jones is the Commission's Vice President of Research and has been employed by the Commission since 1997. As the Vice President of Research, Mr. Jones oversees the Commission's patenting and licensing program and its support for table grape research. Prior to working for the Commission, Mr. Jones worked at an agricultural research facility as a laboratory/field technician. Jones Decl. ¶¶ 1-3. In light of this experience, Mr. Jones is qualified to testify regarding the advantage a grower would obtain from growing, harvesting, storing, and transporting Autumn King grapes before other growers. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693. Sandrini's speculation, personal knowledge, foundation, and lay opinion objections therefore should be rejected. |
| 31 | Mr. Jones is the Commission's Vice President of Research and has been employed by the Commission since 1997. As the Vice President of Research, Mr. Jones oversees the Commission's patenting and licensing program and its support for table grape research. Prior to working for the Commission, Mr. Jones worked at an agricultural research facility as a laboratory/field technician. Jones Decl. ¶¶ 1-3. In light of this experience, Mr. Jones is qualified to testify regarding the advantage Mr. Sandrini would obtain from continuing to produce Autumn King grapes. To the extent the testimony is an opinion, it is at most lay opinion permitted by FRE 701. *See, e.g.*, *Union Pac. Res. Co.*, 236 F.3d at 692-693. Sandrini's speculation, personal knowledge, and foundation objections therefore should be rejected. |

Dated: April 23, 2007

WILMER CUTLER PICKERING HALE AND DORR LLP

By /s/ Randolph D. Moss
Randolph D. Moss

Attorneys for Plaintiff THE CALIFORNIA TABLE GRAPE COMMISSION